UNITED STATES of America,
Appellee,

v.

Timothy GOODWIN, Defendant–
Appellant.

No. 03–1339.

United States Court of Appeals,
Second Circuit.

March 22, 2004.

Melissa A. Tuohey, Assistant Federal Public Defender, (Alexander Bunin, Federal Public Defender, James F. Greenwald, Assistant Federal Public Defender, on the brief), Syracuse, NY, for Appellant.

Kevin P. Dooley, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York), Brooklyn, NY, for Appellee.

Present: WALKER, Chief Judge, LEVAL, Circuit Judge and GLEESON, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and is hereby is AFFIRMED IN PART and REVERSED AND REMANDED IN PART.

Defendant-appellant Timothy Goodwin appeals from his guilty plea, entered on January 7, 2003, to possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and his January 17, 2003 conviction of unlawful possession of a firearm by a felon pursuant to 18 U.S.C. § 922(g)(1) after a jury trial. Goodwin was sentenced principally to 262 months of imprisonment.

On appeal, Goodwin argues that the district court erred (1) in denying his motion to suppress evidence obtained through a search warrant because there was an insufficient basis to issue a warrant allowing a "no-knock" search; (2) in admitting evidence of Goodwin's marijuana activities during his separate felon-in-possession trial; and (3) in finding that Goodwin possessed the firearm in connection with a controlled substance offense with the result that his offense level was improperly enhanced from 33 to 34 pursuant to U.S.S.G. § 4B1.4(b)(3)(A).

We reject Goodwin's first argument for substantially the reasons stated in the district court's January 6, 2003 Decision and Order. The application for a search warrant established reasonable cause to believe that evidence of marijuana distribution would be destroyed or removed and that knocking and announcing their presence would be dangerous to the officers conducting the search. Moreover, as the officers' reliance on the warrant was, at the least, not "entirely unreasonable," the exclusionary rule does not apply. *United States v. Tisdale*, 195 F.3d 70, 73 (2d Cir.1999) (per curiam).

We reject Goodwin's second argument because the district court did not clearly abuse its discretion under Federal Rule of Evidence 403 in allowing the government to present evidence of Goodwin's drug activity in the separate jury trial for possession of a firearm. *United States v. Salameh*, 152 F.3d 88, 110 (2d Cir.1998) (per curiam). The evidence of drug activity provided the jury with both factual context and motive for the gun possession, the latter of which Goodwin contested. And, on appellate review, the abuse of discretion standard "is not satisfied by a mere showing of some alternative means of proof that

---

* Honorable John Gleeson, District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

the prosecution in its broad discretion chose not to rely upon." *Old Chief v. United States,* 519 U.S. 172, 183 n. 7, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

██ As to Goodwin's third claim, however, we remand for reconsideration because we cannot determine whether the district court employed the correct standard in enhancing Goodwin's guideline range from 33 to 34. At sentencing, the district court stated, "The Court doesn't believe he ever used the gun in connection with the drug dealing. The Court does believe the gun was present with the drugs. Inferences can be drawn." It is therefore unclear whether the district court applied the "in connection with" standard under U.S.S.G. § 4B1.4(b)(3)(A), which requires a finding that the firearm served some purpose in connection with the marijuana trafficking, *United States v. Shepardson,* 196 F.3d 306, 315 (2d Cir.1999), or the less stringent standard under § 2D1.1(b)(1), which requires only that the gun be "present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. n. 3. We remand for the court to clarify what standard it is applying and what inferences support its findings.

Accordingly, the judgment of the district court is hereby AFFIRMED IN PART and REVERSED AND REMANDED IN PART.