# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3544

_____

United States of America,        *
                                *

        Appellee,        *

                                *   Appeal from the United States

      v.                    *   District Court for the

                                *   Eastern District of Arkansas.

Lorena Cervantes,        *

                                *

        Appellant.      *

_____

Submitted: June 14, 2011
Filed: July 22, 2011

_____

Before BYE and MELLOY, Circuit Judges, and ERICKSEN,[1] District Judge.

_____

BYE, Circuit Judge.

A jury found Lorena Cervantes guilty of conspiracy to manufacture more than 1000 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court[2] sentenced her to 120 months in prison and five years of supervised release. Cervantes appeals her conviction contending there was insufficient evidence to sustain the jury's guilty verdict, the district court erred by ruling a co-defendant

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

waived his Fifth Amendment right against self-incrimination by pleading guilty, and she was denied the right to confrontation under Crawford v. Washington, 541 U.S. 36 (2004), when the district court admitted as substantive evidence statements a second co-defendant made during his plea hearing. We affirm.

I

Lorena Cervantes, a construction company owner in Rockford, Illinois, purchased a tract of real estate property in Izard County, Arkansas, on January 3, 2008. On April 8, 2008, an Arkansas Game and Fish officer making an aerial inspection to search for instances of illegal turkey baiting observed suspicious rows of dirt mounds on the property. The mounds appeared to be planted. The officer also observed irrigation hosing on the property. He photographed the area and noted the GPS location. On July 31, 2008, the officer visited the property to investigate what he had observed by air months earlier. A day later, two officers returned to the property where they discovered three areas of marijuana growth and plastic cups of marijuana seedlings, along with various cultivating equipment. In addition, the officers found a tool shed, well head, and hoses between the marijuana patches and well.

On August 3, 2008, the officers established a surveillance point approximately 125-150 yards away from the shed area. From the surveillance point, the officers witnessed two Hispanic males speaking Spanish near the shed. The next day, the officers conducted a flyover again taking aerial photos of the property. The flyover revealed a man and pickup truck on the property. After the flyover, the officers drove by the property near the shed where they observed two additional pickup trucks and a Hispanic female, later determined to be Cervantes. As the day went on, the officers observed Cervantes and three males near the shed.

On August 5, 2008, at the surveillance point, the officers witnessed four Hispanic males and Cervantes awaken from the shed and walk about the shed area. The officers observed Cervantes go to and from the well area, as well as walk up a dirt path with two men toward the marijuana patches. Shortly thereafter, officers witnessed Cervantes leave the property in a pickup truck with three Hispanic males, and return with four Hispanic males. When Cervantes left the property once again with three men, law enforcement stopped the vehicle. Cervantes, Jose Rincon (also known as David Ramirez), Jesus Murillo, and Reveriano Madrigal were arrested. Officers executed a search warrant on the property during which Luis Rincon and Heriberto Chavez Jimenez fled into the woods. Luis Rincon and Chavez Jimenez were apprehended two days later.

After the arrests, the search revealed a total of four marijuana growth patches that each included multiple seedlings, mature plants, and dried stalks of previously harvested mature plants, as well as tools, hoses, and other evidence of cultivation. Investigation of the shed area revealed personal items, cultivation equipment, fertilizer, as well as a generator and various documents. Among the documents recovered were receipts for the shed, hosing, irrigation equipment, and cultivation tools. Additionally, a real estate contract documenting Cervantes as the purchaser of the property and receipts for the well and pump were recovered.

Cervantes and five other individuals were charged with one count of conspiracy to manufacture more than 1000 marijuana plants. An interview with Cervantes revealed that on April 4, 2008, Cervantes, along with her brother, Jesus Murillo, and cousin, Reveriano Madrigal, traveled to the property to collect rent and provide electricity. The property was leased to co-defendant Jose Rincon, whom she knew only as David Ramirez, on April 15, 2008. At her trial, Cervantes testified she barely

knew Jose Rincon and rarely saw him, yet he was her boyfriend.[3] Cervantes also testified she planned to use the property for camping and ranching, and purchased a storage shed for the property.

Cervantes testified she had no knowledge marijuana was being grown on her property at the time of her arrest, and she had never herself grown marijuana there. Additionally, she testified she stayed only around the area of the shed when on the property and she had only walked the full property once when she purchased it. Several officers testified Cervantes was not physically seen engaging in activities near the marijuana patches. Co-defendants Heriberto Chavez Jimenez, Jose Rincon, and Luis Rincon pleaded guilty.

At trial, the government intended to call Jose Rincon to testify against Cervantes. Counsel for Jose Rincon appeared and stated that if called to testify, Jose Rincon would assert his Fifth Amendment right against self-incrimination. As a result, the district court offered to order Jose Rincon to testify, concluding he waived his Fifth Amendment protection by pleading guilty. Notwithstanding the district court's determination, Jose Rincon was never called to testify. Luis Rincon, who had also pleaded guilty, was called to testify. Luis Rincon testified he did not know any of the three defendants being tried, and denied making any statement to officers after his arrest. He denied knowledge of most of what was asked of him by the government. Statements Luis Rincon had given to officers after his arrest were then used to impeach him. After his arrest, Luis Rincon told officers he had come onto the property at the invitation of Cervantes. He stated he lined up the cups for the marijuana plants and his fingerprints would be on those cups. Luis Rincon also told

---

[3]A photograph from Jose Rincon's wallet was used to impeach Cervantes during her cross-examination. The photo was dated December 11, 2005, and depicted Cervantes and Rincon together. The photo had a note from Cervantes on the back stating: "For my punky squirrel that loves you very much. Love you forever. Hugs and kisses, hugs and kisses."

officers he and Madrigal spent more time in the marijuana grow patches than anyone else. The jury was then instructed that Luis Rincon's guilty plea could be used to determine how much, if at all, to rely on his statements. The district court further instructed the jury any inconsistencies in his statements could only be considered as to his truthfulness.

In addition, the government sought to introduce statements Luis Rincon made during his plea colloquy in order to impeach him. Cervantes objected. The district court overruled the objection, and allowed the government to introduce the factual basis for the plea offered by the prosecution during Rincon's plea hearing. At the plea hearing, Rincon acknowledged the accuracy of the government's factual recitation under oath. Rincon's guilty plea colloquy indicated he came to the property at the invitation of Cervantes, among other inconsistencies with his trial testimony. The district court instructed the jury that because Luis Rincon was being questioned about a statement he had given under oath, and those statements were inconsistent with his trial testimony, the jury could consider the prior statements as substantive evidence.

A jury found Cervantes guilty of conspiracy to manufacture marijuana. The district court sentenced Cervantes to the statutory mandatory minimum term of 120 months' imprisonment for a conspiracy involving more than 1000 marijuana plants, followed by five years of supervised release. Cervantes filed a timely appeal. On appeal, she contends the evidence was insufficient to support the verdict, the district court erred in ruling that Jose Rincon waived his Fifth Amendment right against self-incrimination by pleading guilty, and the district court erred in allowing statements Luis Rincon admitted to during his plea hearing to be entered as substantive evidence in violation of the Confrontation Clause.

## II

Cervantes first argues there was insufficient evidence for a jury to find her guilty. We review challenges to the sufficiency of the evidence presented at trial de novo. United States v. Crippen, 627 F.3d 1056, 1064 (8th Cir. 2010). Moreover, "[w]e consider the evidence in the light most favorable to the jury's verdict, draw all reasonable inferences in the Government's favor, and reverse a conviction only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. at 1064-65 (citing United States v. Butler, 594 F.3d 955, 964 (8th Cir. 2010)). To prove a conspiracy exists, the government must prove beyond a reasonable doubt:

> (1) two or more persons reached an agreement or came to an understanding to commit against the United States the criminal offense of knowingly and intentionally manufacturing marijuana; (2) defendant individually, voluntarily, and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; [and,] (3) at the time defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

United States v. Scott, 64 F.3d 377, 380 (8th Cir. 1995).

Cervantes contends we must reverse her conviction because there is a lack of evidence excluding all other hypotheses but guilt. However, "'[a] conviction may be based on circumstantial as well as direct evidence. The evidence need not exclude every reasonable hypothesis except guilt.'" United States v. Van Nguyen, 602 F.3d 886, 898 (8th Cir. 2010) (quoting United States v. Erdman, 953 F.2d 387, 389 (8th Cir. 1992)).

Additionally, "a defendant may be convicted for even a minor role in a conspiracy, so long as the government proves beyond a reasonable doubt that he or she was a member of the conspiracy." United States v. Lopez, 443 F.3d 1026, 1030

(8th Cir. 2006). "The elements of conspiracy may be proved by direct or circumstantial evidence, and the jury may draw reasonable inferences from the evidence presented about what the defendant's state of mind was when he did or said the things presented in the evidence." United States v. Chavez-Alvarez, 594 F.3d 1062, 1067 (8th Cir. 2010) (internal citations and quotation marks omitted).

In this case, Cervantes acknowledges a conspiracy existed, as three of her co-defendants pleaded guilty to the conspiracy, but argues there is no established connection linking her to the conspiracy. We disagree. Cervantes owned the property where the marijuana growing operation was located. She leased the property to co-defendant Jose Rincon, whom she admitted was her boyfriend. Cervantes purchased a storage shed and well pump for the property, as well as various cultivation tools, hosing, and irrigation equipment. Receipts for these items were found both in the shed and in a pickup truck on the property, interspersed with many other receipts belonging to Cervantes. Cervantes was observed by officers on the property near the storage shed with her co-defendants. Officers also observed Cervantes walking up a path toward the area of the marijuana patches with her co-defendants. Additionally, an officer testified he had been on the property previous to Cervantes's ownership, and there was no evidence of marijuana production. Yet, three months after Cervantes purchased the property, the officer's flyover revealed hosing and rows of dirt mounds, consistent with what was discovered amongst dead stalks of harvested marijuana plants when the property was searched in August 2008. We conclude there was sufficient evidence to support the jury's decision to find her guilty.

Cervantes next claims the district court erred in ruling that co-defendant Jose Rincon waived his Fifth Amendment right against self-incrimination by pleading guilty. Cervantes presents a thorough colloquy about her objection to the district court ruling Jose Rincon could not assert his Fifth Amendment right against self-incrimination if called to testify, because of his previously entered guilty plea.

Cervantes acknowledges, however, Jose Rincon was never called to testify. Thus, we need not consider this issue as the district court's ruling had no effect on Cervantes's conviction.

Finally, Cervantes contends the district court violated her right to confrontation under Crawford by admitting as substantive evidence statements Luis Rincon made at his guilty plea hearing. We review "evidentiary rulings regarding the scope of cross-examination for an abuse of discretion, except where the Sixth Amendment confrontation clause is implicated, and then our review is de novo." United States v. Jewell, 614 F.3d 911, 920 (8th Cir. 2010) (citing United States v. Ragland, 555 F.3d 706, 712 (8th Cir. 2009)).

The district court allowed the jury to consider statements Luis Rincon adopted as his own at his plea hearing because they were made under oath and inconsistent with his trial testimony. "[P]rior inconsistent statements by a witness are not hearsay and are competent as substantive evidence if the declarant testifies at trial and is subject to cross-examination concerning the statement, and the prior inconsistent statement was given under oath at a 'trial, hearing, or other proceeding.'" United States v. Wilson, 806 F.2d 171, 175-76 (8th Cir. 1986) (quoting Fed. R. Evid. 801(d)(1)(A)). In Wilson, we held a prior inconsistent statement given by a witness under oath during a grand jury proceeding could be used as substantive evidence. Id. This same rationale applies to other statements made under oath, including a statement made at a plea colloquy. See United States v. Meza-Urtado, 351 F.3d 301, 303 (7th Cir. 2003) (holding sworn statements made during a co-defendant's plea colloquy were properly received as substantive evidence pursuant to Fed. R. Evid. 801(d)(1)(A)).

Cervantes contends the district court erred in allowing Luis Rincon's guilty plea colloquy because the statement was merely an adoption of the prosecutor's recitation of the factual basis for Rincon's plea and not a statement made directly by Luis

Rincon. In a factually similar Sixth Circuit case, the court held an adopted statement of fact by a witness during a plea colloquy was properly admitted as substantive evidence in a co-defendant's trial, even though the witness did not make the statement directly. United States v. Letner, 273 F. App'x 491, 495 (6th Cir. 2008). The court reasoned the witness "affirmed the entirety of his plea agreement under oath" and thus "any prior inconsistent statements contained in that agreement were properly admitted as substantive evidence." Id. We agree.

Cervantes further asserts a co-defendant's guilty plea is only admissible as to his credibility, but is not to be admitted as substantive evidence of the defendant's guilt. For this proposition, she relies on United States v. Kroh, 915 F.2d 326 (8th Cir. 1990), where the court stated "[i]n the Eighth Circuit, the law is clear that 'a confederate's guilty plea is admissible, even on the Government's direct examination of the witness, as evidence of the witness' credibility, or of his acknowledgment of participation in the offense.'" Id. (emphasis omitted) (quoting United States v. Hutchings, 751 F.2d 230, 237 (8th Cir. 1984)). Cervantes therefore argues the admission of Luis Rincon's guilty plea colloquy as substantive evidence was erroneous.

As stated above, Rule 801(d)(1)(A) of the Federal Rules of Evidence allows the admission of prior inconsistent statements as substantive evidence when they are made under oath. No such prior inconsistent statement was involved in Kroh. The district court properly admitted Luis Rincon's adopted plea colloquy as substantive evidence under Rule 801(d)(1)(A) as it was inconsistent with his testimony at trial.

To the extent Cervantes argues the use of Luis Rincon's statement violates her Sixth Amendment right of confrontation, she is mistaken. Crawford provides "[w]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." 541 U.S. at 59 n.9. Accordingly, because Luis Rincon was subject to cross-examination at trial, there was no violation of Cervantes's Sixth Amendment rights.

## III

We affirm the judgment of conviction.

_____