# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 11-3840

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Jacob R. Davis, | * | District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

————————

Submitted: April 16, 2012
Filed: May 18, 2012

————————

Before MELLOY, ARNOLD, and GRUENDER, Circuit Judges.

————————

PER CURIAM.

After Jacob Davis pleaded guilty to counterfeiting and possessing counterfeit bills, *see* 18 U.S.C. §§ 471, 472, the district court[1] sentenced him to 18 months' imprisonment. He appeals his sentence and we affirm.

Mr. Davis first challenges the district court's denial of his request for a downward departure. Because he does not argue that the court denied the departure for unconstitutional reasons or that the court erroneously believed that it lacked the

———————————————

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

authority to depart, the issue is not reviewable. *United States v. Butler*, 594 F.3d 955, 966-67 (8th Cir. 2010).

Mr. Davis also maintains that the court "procedurally erred" by failing to consider his argument that his age warranted a below-guidelines sentence. Though district courts are not required to address each argument made by a defendant, *United States v. Barron*, 557 F.3d 866, 868 (8th Cir. 2009), the court in fact considered Mr. Davis's argument regarding age: At sentencing, the court stated that it had read Mr. Davis's sentencing memorandum, in which he argued that the court should impose a below-guidelines sentence because all his crimes occurred before he was twenty-two years old and studies showed that the brain's capacity to control risky behavior did not fully develop until age twenty-five. Defense counsel reiterated that Mr. Davis sought a variance based on his age but declined to expand on the arguments contained in the memo. Before imposing sentence, the court spoke directly to Mr. Davis about the issue: "I know a lot of immature people in their 20's, but they don't go out [and commit these offenses] ... these offenses that you have committed, while they may be associated with immaturity, it goes beyond that."

Finally, Mr. Davis challenges the reasonableness of his sentence, which we review for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The court imposed a prison term at the bottom of the applicable 18- to 24- month guideline range, and we presume that a sentence anywhere within that range is substantively reasonable. *United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009). Contrary to Mr. Davis's contention, moreover, the sentencing transcript reveals the court's careful attention to the considerations listed in 18 U.S.C. § 3553(a). When discussing Mr. Davis's history and characteristics, for example, the court noted that it was not inclined to impose a below-guidelines sentence because of his recidivism: It explained that, although his prior crimes may not have been especially serious, he did not stop engaging in criminal activity while on probation or pretrial diversion. The court also noted the seriousness of the counterfeiting

offenses, and concluded that a sentence within the guideline range would be appropriate.  The court did not abuse its discretion.

Affirmed.

_____