WOLLMAN, Circuit Judge,
concurring and dissenting.
I concur in the holding that the evidence was sufficient to support Ramos’ conviction on the drug charges.
I dissent from the reversal of Ramos’ conviction on the felon in possession charge. In contrast to the situation in United States v. Dooley, Ramos does not challenge the adequacy or accuracy of the district court’s instructions regarding the elements of knowing possession of the firearm. He does not, and indeed could not, argue that he had no possessory interest in the premises at which the gun was found, and so we are not presented with the specter of possible inadvertent possession, as in Dooley. Nor need we concern ourselves with fathers being imprisoned for the marijuana hidden by their wayward sons, nor with wives being jailed for their husbands’ secret caches of illegal guns, the worst-case scenarios suggested by the concurring opinion in United States v. Wright.
True enough, the .40 caliber gun that Ramos offered to sell to his drug supplier was not the .45 caliber gun found at his apartment, but that offer, when coupled with what I consider to be the properly admitted evidence of his parole revocation waiver admissions concerning firearms possession, cuts mightily against the argument that he did not knowingly possess the .45 caliber gun. Unlike the situation in United States v. Hall, I disagree with the conclusion that there was no evidence from which a reasonable mind could find guilt beyond a reasonable doubt on the weapons charge. While acknowledging the factual differences that existed in United States v. Butler, 594 F.3d 955 (8th Cir. 2010), I would follow the holding in that case and affirm the conviction on the weapons charge.