22-3214
*United States v. Alfaro*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GERARD E. LYNCH,
> BETH ROBINSON,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

      *Appellee*,

      v.                            22-3214

ALBERTO ALFARO,

      *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY. |
| For Defendant-Appellant: | ROBERT W. WOOD, Law Office of Robert W. Wood, Rochester, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Alberto Alfaro appeals from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*), entered December 22, 2022, convicting him, after a jury trial, of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and sentencing him principally to 48 months' imprisonment. Following a prior conviction for conspiracy to possess with intent to distribute heroin, Alfaro was on supervised release under the supervision of U.S. Probation Officer Joseph Curran at the time of the instant offense. As part of his supervised release, Alfaro agreed to the following special condition: "[Alfaro] shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered." SPA-5.

Curran received a tip from a Bureau of Alcohol, Tobacco, Firearms and Explosives agent, Malcolm Van Alstyne, relaying information from a confidential informant that Alfaro possessed firearms and drugs inside his residence. Van Alstyne subsequently showed Curran photos from the confidential informant depicting a rifle, handgun, and prescription pill bottle bearing Alfaro's name, which Curran recognized were located in Alfaro's bathroom.

Based on that information, Curran submitted a search plan to verify Alfaro's compliance with his conditions of supervision. Alfaro's residence was searched on November 13, 2020. During the search, probation officers found the following items behind a panel in the bathroom: (1) an empty rifle bag; (2) a bag containing an unknown white powdery substance, which the

2

parties stipulated was not a controlled substance; (3) a black plastic bag containing small plastic baggies; (4) rubber bands and digital scales; and (5) a gun containing six rounds of ammunition that was rusted around the cylinder area. In addition, probation officers discovered two rounds of ammunition in a panel immediately outside the bathroom and a rifle scope in a kitchen cabinet. Alfaro was subsequently indicted on one count of being a felon in possession of a firearm and ammunition.

Before trial, Alfaro moved to suppress the evidence seized from his home on Fourth Amendment grounds. Alfaro separately moved in limine to challenge the admissibility at trial of the drug paraphernalia and rifle scope pursuant to the Federal Rules of Evidence. The district court denied both motions and Alfaro challenges both rulings on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

## I. Motion to Suppress

Ordinarily, the Fourth Amendment requires authorities to obtain a warrant supported by probable cause in order to search an individual's home. *See United States v. Julius*, 610 F.3d 60, 64 (2d Cir. 2010) (citing *Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987)). An exception to that requirement exists, however, "where an administrative agency has 'special needs, beyond the normal need for law enforcement.'" *United States v. Reyes*, 283 F.3d 446, 461 (2d Cir. 2002) (quoting *Griffin*, 483 U.S. at 873). The government's operation of a system of post-incarceration supervision presents such "special needs," *id.*, so that "the probable cause requirements of the Fourth Amendment . . . simply do not apply" in this context, *id.* at 462. And this exception is applicable to individuals, such as Alfaro, when serving a term of federal supervised release. *See Griffin*, 483 U.S. at 875–76.

3

Alfaro does not challenge these general precepts. Instead, he argues that Curran lacked reasonable suspicion to search Alfaro's home, as required in the special condition of Alfaro's supervised release. The district court determined that even in the absence of reasonable suspicion, the search here could be upheld pursuant to the special needs doctrine as "reasonably related to the performance of the [probation] officer's duties." *United States v. Braggs*, 5 F.4th 183, 184 (2d Cir. 2021). Alfaro argues that this determination constituted legal error.

We need not reach question. While we review the district court's factual findings for clear error and its legal conclusions *de novo*, *see United States v. Aguiar*, 737 F.3d 251, 255 (2d Cir. 2013), we may affirm on any ground supported by the record, *see United States v. Peters*, 732 F.3d 93, 103 n.3 (2d Cir. 2013). And here, we conclude that Curran had ample reasonable suspicion to conduct the search of Alfaro's home.

Under the reasonable suspicion standard, we "look to the totality of the circumstances to determine whether the officer had a particularized and objective basis for suspecting legal wrongdoing." *United States v. Chandler*, 56 F.4th 27, 42 (2d Cir. 2022) (internal quotation marks and citation omitted). A "mere hunch" is insufficient, but "the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." *United States v. Arvizu*, 534 U.S. 266, 274 (2002) (internal quotation marks and citations omitted).

Here, Curran had reasonable suspicion to search Alfaro's residence based on the confidential informant's report to Van Alstyne that Alfaro had firearms and drugs inside his residence, as well as the photographs depicting firearms in a location that Curran recognized from prior visits as Alfaro's bathroom. Alfaro was on supervised release in connection with his prior conviction for conspiracy to possess with intent to distribute heroin, and this information, in its

4

totality, suggested that he was violating the terms of his release, *see United States v. Lajeunesse*, 85 F.4th 679, 687–88 (2d Cir. 2023), which prohibited ownership or possession of firearms and ammunition as well as drug use.

Having received specific and corroborated information from law enforcement officials that reasonably suggested contraband might be found in Alfaro's home, Curran had ample reasonable suspicion to search Alfaro's home to ascertain whether Alfaro was violating the terms of his supervised release. *See Chandler*, 56 F.4th at 30 (affirming the district court's denial of a suppression motion because the probation officer "had reasonable suspicion to search [the defendant's] residence . . . based on credible and specific reports that [the defendant], a felon and on supervised release, unlawfully possessed a firearm"). Accordingly, we uphold the district court's denial of the motion to suppress the evidence recovered from Alfaro's residence on this alternative ground.

## II. Motion in Limine

Alfaro also challenges the district court's denial of his motion in limine to exclude the drug paraphernalia and the rifle scope from evidence. A district court's evidentiary rulings are reviewed "under a deferential abuse of discretion standard" and will be disturbed "only where the decision to admit or exclude evidence was manifestly erroneous." *United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019) (internal quotation marks and citations omitted). Alfaro has demonstrated no such abuse of discretion here.

"To be relevant, evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency." *United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997). As such, evidence that "provide[s] background for the events alleged in the indictment" or "enable[s] the jury to understand the

complete story of the crimes charged" is generally admissible. *United States v. Williams*, 585 F.3d 703, 707 (2d Cir. 2009) (internal citation omitted).

Under this standard, the district court did not abuse its discretion in admitting the challenged evidence. At trial, Alfaro disputed whether he knowingly possessed the firearm and ammunition, arguing to the jury that the firearm could have belonged to a prior resident given its rusty and corroded nature. The government argued, in contrast, that the totality of the evidence, including the drug paraphernalia and rifle scope, suggested a pattern of behavior undercutting this theory.

The condition of the drug-related evidence, in particular, supported the government's argument that the firearm and ammunition belonged to Alfaro. Specifically, the government elicited testimony from a probation officer that there were no cobwebs or dust on the plastic bag, suggesting that it did not "appear . . . [to have] been there for a long period of time." A-329. Another probation officer similarly testified that "[t]he outside layer of the [white] powder appeared to have condensation on it," A-496, and yet another officer testified that the rubber bands "appear[ed] fresh" during the search, A-519. This testimony allowed the government to argue in summation that the drug paraphernalia—and by extension, the firearm and ammunition—were placed in the apartment during Alfaro's tenancy. Likewise, evidence that the rifle scope was found in a cabinet in Alfaro's apartment was potentially probative of Alfaro's knowledge and possession of the firearm and ammunition.

In sum, we conclude that the challenged evidence was relevant to whether Alfaro "knowingly possessed the firearm" and ammunition and was not unfairly prejudicial. *United States v. Hayes*, 811 F. App'x 30, 36 (2d Cir. 2020) (summary order); *see also United States v. Goodwin*, 96 F. App'x 13, 14 (2d Cir. 2004) (summary order) (concluding that the district court

6

did not abuse its discretion "in allowing the government to present evidence of [the defendant's] drug activity in [a] separate jury trial for possession of a firearm" because that evidence "provided the jury with both factual context and motive for the gun possession, the latter of which [the defendant] contested"); *United States v. Butler*, 594 F.3d 955, 963–64 (8th Cir. 2010) (holding that "evidence concerning drug transactions" involving the defendant was properly admitted because it was "closely and integrally related to the issue of ownership and possession of firearms") (internal quotation marks and citation omitted).   In such circumstances, Alfaro can point to no persuasive basis for its exclusion.   The district court did not abuse its discretion.

*    *    *

We have considered Alfaro's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.


                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

7