United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40735
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN MICHAEL PENA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CR-15-ALL
--------------------

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Ruben Michael Pena pleaded guilty to count 1 of a indictment
charging him with being a felon in possession of a firearm. Pena
was sentenced to a 96-month term of imprisonment and to a three-
year period of supervised release. Pena has appealed his
sentence.

Pena contends that the district court erred in considering
two prior sentences, imposed in 1984 and 1989, in determining his
criminal history category because those sentences were imposed
more than 15 years prior to the commencement of the instant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense.  Pena also contends that one of those convictions should have been regarded as a juvenile conviction for purposes of U.S.S.G. § 4A1.2(d).

Pena does not dispute that he was tried as an adult for the 1984 offense.  See § 4A1.2(d)(1).  Because the 1984 conviction resulted in Pena being incarcerated within the 15-year period, the district court properly assigned the sentence three criminal history points.  See § 4A1.2(e)(1); United States v. Arnold, 213 F.3d 894, 895-96 (5th Cir. 2000); United States v. Ybarra, 70 F.3d 362, 366-67 (5th Cir. 1995); United States v. Gipson, 46 F.3d 472, 475 (5th Cir. 1995).  Because the sentence for the 1989 conviction was "imposed" within 15 years of the date of the instant offense, the district court also properly assigned that sentence three criminal history points.  See Arnold, 213 F.3d at 895; § 4A1.2(e)(1).

Pena contends also that the district court erred in assigning criminal history points for the 1989 felony conviction and for a 1992 felony conviction because those convictions were a necessary predicate for his conviction of being a felon in possession of a firearm and affected the determination of his offense-level under U.S.S.G. § 2K2.1(a)(2).  He argues that consideration of these felony convictions in determining his criminal history category constituted improper double counting. In United States v. Hawkins, 69 F.3d 11, 14-15 (5th Cir. 1995), we held that the Guidelines permit the district court to consider

a defendant's prior felony convictions in calculating both his offense level under § 2K2.1(a)(1) and his criminal history category.  See § 2K2.1, comment. (n.12).  Pena's double counting argument is without merit.

Pena contends that the district court violated United States v. Booker, 543 U.S. 220 (2005), by making fact findings with respect to his endangerment of a child, drug use, and possession of a weapon in a family household.  Because Pena was sentenced after the Supreme Court issued its opinion in Booker, however, Pena was sentenced pursuant to advisory Sentencing Guidelines.  Accordingly, the constitutional holdings of Booker, Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), are not applicable.  See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005); United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).

Pena contends that the district court erred in assigning four levels under § 2K2.1(b)(5) because the evidence did not show that the firearm, which was found during a search of his residence, facilitated and made more dangerous another crime. Section 2K2.1(b)(5) provides, in pertinent part,

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase [the defendant's offense level] by 4 levels.

§ 2K2.1(b)(5).  The enhancement should be assessed "'even if the defendant only possesses a firearm in connection with any other felony.'"  United States v. Washington, 340 F.3d 222, 231 (5th Cir. 2003) (quoting United States v. Condren, 18 F.3d 1190, 1196 (5th Cir. 1994)).  A firearm is possessed "in connection with another felony offense" if the firearm "may have facilitated or made more dangerous the other felony offense."  United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005).

Pena was charged by state authorities with the offense of possession of a controlled substance with intent to deliver—habitual, based on two controlled purchases by a confidential informant from Pena of small quantities of cocaine.  These purchases led to the issuance of a search warrant for Pena's residence, which resulted in the instant firearms conviction.  The firearm, trace amounts of cocaine, a small metal spoon, a large amount of currency, and scales were found in the bathroom of the residence.  Four small children resided in the house.  At the time the presentence report was prepared, Pena was charged but not yet indicted for child endangerment.  Based on these facts, the district court could reasonably infer that the firearm was possessed in connection with either the controlled substance offense or the child-endangerment offense.  The district court did not clearly err in enhancing Pena's offense level pursuant to § 2K2.1(b)(5).  See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006); Villegas, 404 F.3d

at 363-64; <u>Washington</u>, 340 F.3d at 231; <u>Condren</u>, 18 F.3d at 1198-1200.

Pena contends that the district court should have departed downward from the guideline imprisonment range.  This court ordinarily lacks jurisdiction to review a district court's refusal to depart downwardly.  <u>United States v. Hernandez</u>, 457 F.3d 416, 424 (5th Cir. 2006).  The record does not support Pena's contention that the district court was under the erroneous belief that it lacked the authority to grant a downward departure.  <u>See</u> <u>id.</u> at 424 n.5.  The district court's judgment is

AFFIRMED.