# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3592

_____

United States of America,                    *
                                             *
            Plaintiff - Appellee,            *
                                             *    Appeal from the United States
      v.                                     *    District Court for the Western
                                             *    District of Missouri.
Daniel Ray Smith,                            *
                                             *
            Defendant - Appellant.           *

_____

Submitted: June 11, 2008
Filed: July 30, 2008

_____

Before MELLOY, ARNOLD, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Daniel Ray Smith pled guilty to being a felon and an unlawful user of methamphetamine in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) and (3), and to knowingly and intentionally possessing methamphetamine in violation of 21 U.S.C. § 844(a). Over Smith's objection, the district court imposed a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing firearms in connection with the felony offense of possessing methamphetamine. The district court sentenced Smith to 30 months of imprisonment. Smith appeals, arguing the district court erred in imposing the enhancement because it was based on methamphetamine residue found inside his home. We reverse.

I.

On February 23, 2007, a state probation officer and a deputy sheriff searched Smith's home with his consent. Smith admitted he possessed firearms and methamphetamine and directed the deputy sheriff to their locations. The officers discovered a rifle, a shotgun, a spare shotgun barrel, ammunition, a methamphetamine pipe, a baggie containing methamphetamine residue, and marijuana. Smith admitted using the rifle to kill coyotes and owning the pipe and baggie. He also admitted using methamphetamine a few days earlier. Smith's wife admitted owning the marijuana. The methamphetamine found in the baggie was never weighed.

A grand jury indicted Smith, charging him with being a felon and an unlawful user of methamphetamine in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) and (3), and with knowingly and intentionally possessing methamphetamine in violation of 21 U.S.C. § 844(a). Smith, who had three prior felonies for possession of methamphetamine, pled guilty to the two-count indictment. The presentence investigation report recommended a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing firearms "in connection with another felony offense," the possession of methamphetamine. Smith objected to this enhancement.

At sentencing, Smith again objected to the enhancement under U.S.S.G. § 2K2.1(b)(6). He argued that Eighth Circuit case law does not have a per se rule that any time drugs and firearms are present, § 2K2.1(b)(6) automatically applies. Rather, he stressed that his individual facts should be considered to determine whether the firearms "facilitated, or had the potential of facilitating," his possession of methamphetamine residue. U.S.S.G. § 2K2.1(b)(6) cmt. n.14(A). Smith also argued that although he admitted to law enforcement that he had used methamphetamine earlier, there was no evidence that the firearms were present at that earlier time. He

emphasized that he pled guilty to possession, not use, of methamphetamine so that his earlier use was not relevant.

In response, the government argued that case law strongly supports application of § 2K2.1(b)(6) because Smith possessed firearms while committing a drug felony. Additionally, the government argued that Smith should not benefit from using the methamphetamine days earlier such that only residue remained when the search of the home occurred.

The district court imposed the enhancement, stating: "[I]t's pretty clear that Mr. Smith has been using marijuana [sic] and that he had the guns present. And the case law in their discussion of the risk of violence when you have use of the drugs and the presence of firearms is increased . . . ." The district court then sentenced Smith to 30 months of imprisonment. Smith appeals.

## II.

The district court's determination that the defendant possessed the firearms in connection with another felony is a factual finding that we review for clear error. United States v. Washington, 528 F.3d 573, 574 (8th Cir. 2008).

The Guidelines provide for a four-level enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense . . . ." U.S.S.G. § 2K2.1(b)(6). "'In connection with' means that, at a minimum, the firearm had a 'purpose or effect with respect to' the other felony offense because its presence facilitated or had the potential to facilitate the offense, as opposed to being the result of mere accident or coincidence." United States v. Harper, 466 F.3d 634, 650 (8th Cir. 2006) (citations omitted); see U.S.S.G. § 2K2.1(b)(6) cmt. n.14(A) (stating that the "in connection with" language means that "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense"). When the felony offense

is drug possession, § 2K2.1 note 14A applies, and "the district court may make the requisite 'in connection with' finding, but is not required to do so." United States v. Fuentes Torres, 529 F.3d 825, 827 (8th Cir. 2008) (discussing why the "facilitate" standard applies to drug possession felonies, and not the "clearly improbable" standard, which applies to drug trafficking felonies).

The district court clearly erred in imposing the § 2K2.1(b)(6) enhancement because the evidence is insufficient to show that Smith's firearms and ammunition "facilitated, or had the potential of facilitating" his possession of methamphetamine. The evidence does not prove that Smith's simultaneous possession of firearms, ammunition, and methamphetamine residue was anything other than coincidence. The nexus between the firearms, ammunition, and methamphetamine is lacking.

We recognize the role of firearms in protecting drugs, drug proceeds, and drug transactions. United States v. Bordeaux, 436 F.3d 900, 904 (8th Cir. 2006). But, the district court's inference that Smith would seek to protect this amount of methamphetamine and facilitate this possession with firearms is unsupported. The government did not attempt to weigh the residue. Baggies with drug residue generally are not valuable or useful to drug users and do not need protection. See, e.g., United States v. Allebach, 526 F.3d 385, 386 (8th Cir. 2008) (stating that two plastic bags with cocaine residue were found in trash bags outside of the defendant's home).

The individual facts of this case present a rare case regarding the § 2K2.1(b)(6) enhancement. Although a firearm is a "tool of the trade" for drug dealers, it is not contended that Smith is a drug dealer, and Smith possessed only an unmeasured quantity of methamphetamine residue, making the inference of a connection when a defendant possesses a firearm and a distribution quantity of illegal drugs completely inapplicable here. See United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997) (discussing the inference that a sentencing court may make when a defendant carries a firearm and a distribution quantity of drugs). This is not a drug trafficking case

where drug residue is discovered along with firearms and drug paraphernalia but no quantified amount of drugs, <u>see, e.g.</u>, <u>United States v. Jordan</u>, 179 Fed. Appx. 500, 501-02 (10th Cir. 2006) (unpublished); <u>United States v. Pena</u>, 207 Fed. Appx. 406, 408 (5th Cir. 2006) (unpublished), and where the enhancement applies unless the connection between the firearms and drugs is clearly improbable, <u>United States v. Pate</u>, 518 F.3d 972, 978 (8th Cir. 2008).

This case is distinguishable from <u>Regans</u> where the defendant was found in a car possessing a small amount of drugs for personal use and a firearm. 125 F.3d at 685. The <u>Regans</u> court rejected the defendant's argument of coincidence, stating that "when a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender." <u>Id.</u> at 687; <u>cf.</u> <u>United States v. Wallace</u>, 46 F.3d 1148, *1 (9th Cir. 1995) (unpublished) (affirming application of the § 2K2.1(b)(6) enhancement where a search of the defendant's truck during a traffic stop revealed a firearm and several baggies and a vial with traces of methamphetamine). In our case, Smith did not venture into public with either the methamphetamine residue or the firearms; he simply possessed them in his home. This combination of factors makes an emboldenment theory impermissible in this case.

Additionally, the evidence failed to prove a temporal link between the firearms and a greater amount of methamphetamine than just the residue. We do not know if Smith used or possessed methamphetamine *in his home* in the days before the search or if he did, whether the firearms were present in his home at that time. Finally, the evidence does not suggest that Smith disposed of any methamphetamine that might have been in the baggie to evade its discovery by law enforcement during its search of his home.

We make no bright line rule that § 2K2.1(b)(6) requires a certain amount of drugs. We only reject the district court's conclusion that the mere presence of drug

residue, i.e., a de minimis amount of drugs, and firearms alone is sufficient to prove the "in connection with" requirement of § 2K2.1(b)(6) when the "felony offense" is drug possession. Whether a firearm "facilitated, or had the potential of facilitating" a felony offense of drug possession must be determined based on the facts of each individual case. Here, the district clearly erred because the record does not support a finding that the firearms and ammunition "facilitated, or had the potential of facilitating" Smith's possession of methamphetamine residue.

### III.

We reverse Smith's sentence and remand for resentencing in accordance with this opinion.

_____