**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4923**

———————————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

      v.

ROWLAND HARRIS, a/k/a Roland Harris,

               Defendant – Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (3:09-cr-00720-JFA-1)

———————————

Submitted: April 19, 2011           Decided: May 5, 2011

———————————

Before AGEE, KEENAN, and DIAZ, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Joshua Snow Kendrick, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, J.D. Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rowland Harris appeals from his thirty-month sentence imposed pursuant to his guilty plea to being a felon in possession of a firearm. On appeal, he challenges his enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2009) for use of the firearm in connection with another felony; namely, possession of a trace amount of cocaine found in his bedroom. Because we find that the evidence did not support this enhancement, we vacate and remand for resentencing.

Section 2K2.1(b)(6) provides for a four-level enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." Application Note 14(A) to § 2K2.1 states that subsection (b)(6) applies "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense . . . ." When reviewing a sentencing enhancement under the guidelines, "we review the district court's factual findings only for clear error, and 'if the issue turns primarily on the legal interpretation of the guidelines, our review is de novo.'" United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010) (internal citation omitted). Whether a defendant possessed a firearm in connection with another felony is a factual question we review for clear error. United States v. Jenkins, 566 F.3d 160, 163 (4th Cir. 2009) cert. denied, 130 S. Ct. 330 (2009).

2

The requirements of § 2K2.1(b)(6) are "satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." Id. at 162 (internal quotation marks, citation, and alteration omitted). However, "the requirement is not satisfied if the firearm was present due to mere accident or coincidence." Id. at 163 (internal quotation marks omitted). Accordingly, the Government was required to prove more than the mere presence of the firearm. It was required to also prove that Harris's possession of the firearm facilitated or had the tendency to facilitate his possession of cocaine.[1]

We find that the evidence does not prove that Harris's simultaneous possession of firearms and cocaine residue in his bedroom was anything other than coincidental. The Government's contention that Harris used the firearm to protect his cocaine is unsupported by the record. "Baggies with drug residue generally are not valuable or useful to drug users and do not

---

[1] This requirement is in contrast to situations where the felony offense at issue is a "drug trafficking offense" and the firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. In such situations, there is a presumption that a firearm found near drugs or drug dealing paraphernalia is connected to the drug crime. See U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n.14(B). In this case, there is no allegation that Harris was involved in drug trafficking.

need protection." See United States v. Smith, 535 F.3d 883, 885 (8th Cir. 2008).

Although firearms are generally known as "tools of the trade" for drug dealers, the Government conceded that it had no evidence that Harris was a drug dealer, and Harris was found responsible only for an unmeasured quantity of cocaine residue. Moreover, Harris did not venture out in public with either the cocaine residue or the firearm; he simply possessed them in his home. Additionally, the evidence failed to prove a temporal link between the firearms and a greater amount of cocaine than just the residue. There is no evidence that Harris used or possessed a larger amount of cocaine in his home prior to the day of the search, or if he did, that the firearm was present in his home at that time.

The Government rests its argument heavily on the fact that Harris was an addict and needed to protect his drugs from others in his crime-ridden neighborhood. However, Harris was not charged with or held responsible for any drugs other than the cocaine residue found in his bedroom. The Government's argument that Harris "was possessing that gun to further his cocaine habit" is not connected to the evidence in this case. There is simply no evidence that the firearm was ever in the

4

vicinity of an amount of cocaine worthy of protection.[2] See id. at 885-86 (holding that enhancement was not warranted where only evidence was that defendant possessed unmeasured quantity of methamphetamine residue and a firearm in his home); see also United States v. Jeffries, 587 F.3d 690, 694-95 (5th Cir. 2009) (holding that enhancement not applicable where only evidence was defendant's simultaneous possession of a firearm and a small amount of crack cocaine in his car).

Accordingly, the district court clearly erred in determining that Harris's possession of the firearm was "in connection with" his possession of cocaine. As such, we vacate Harris's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2] The Government, and to some extent the district court, also relied on the fact that the bedroom had a lock. The Government also points to the drug dealing near Harris's home, as well as his video surveillance system, although the district court did not explicitly rely on these factors. The dangerousness of the neighborhood, and Harris's secure bedroom, do not shed any further light onto whether Harris would use a firearm to protect cocaine residue. First, as discussed above, it seems unlikely that anyone would wish to steal residue, and second, to the extent the heightened security showed that Harris likely had larger amounts of cocaine in his home in the past, there is no evidence that the firearm was there at that point in time.

5