# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2357

_____

United States of America,    *
                             *
        Appellee,            *    Appeal from the United States
                             *    District Court for the
    v.                       *    Western District of Missouri.
                             *
Cedric D. Mack,              *         [UNPUBLISHED]
                             *
        Appellant.           *

_____

Submitted: May 9, 2011
Filed: May 13, 2011

_____

Before MELLOY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Cedric D. Mack pleaded guilty in District Court[1] to a charge of being a felon in possession of a firearm. The court sentenced him to seventy-two months in prison. Mack appeals from the judgment, specifically his sentence, challenging the District Court's decision to increase his offense level by four pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) upon finding that Mack possessed the firearms in question in connection with another felony offense. We affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

The relevant facts underlying the court's § 2K2.1(b)(6) finding are undisputed. Acting on complaints concerning illegal drug transactions in the area of 28th and Park in Kansas City, Missouri, officers from the Kansas City, Missouri, Police Department began surveilling the neighborhood. On September 2, 2007, on the sidewalk in front of Mack's residence at 2738 Park, officers observed activity consistent with the sale of illegal drugs. At one point, an unidentified person brandished a handgun and ran toward a vehicle, which drove away before shots were fired. A second individual, also unidentified, took the gun into 2738 Park through the front door without knocking. On September 5, a confidential informant (CI) went to Mack's residence. Mack opened the door and let the CI into the house, where the CI purchased 0.2 grams of crack cocaine from someone known as Wayne. A week later, a CI purchased 0.3 grams of crack cocaine from individuals standing outside 2738 Park.

On September 27, 2007, officers searched 2738 Park pursuant to a warrant and recovered, among other things, a clear plastic bag containing twelve individual packages of crack cocaine totaling 1.7 grams from the top of a built-in hutch in the dining room, an electronic scale from a drawer in the hutch, a loaded .38 caliber revolver from under the couch in the living room, and a 16-gauge shotgun from the basement. Mack, who was present for the search, admitted ownership of the firearms but denied ownership of the crack cocaine.

We review for clear error the District Court's finding that Mack possessed the firearms in connection with the intent to distribute illegal drugs. See United States v. Smith, 535 F.3d 883, 885 (8th Cir. 2008). Mack's counsel objected to the presentence investigation report's § 2K2.1(b)(6) recommendation and argued that Mack, although admitting that he had a crack problem, was unaware that crack was being distributed from his residence. Counsel contended that the dealers must have been Mack's nephews or sons who were living in the house. The District Court nevertheless found the four-level increase applicable, obviously finding Mack's explanation—that he was not involved in distributing drugs—not credible. On this record, we conclude that a

preponderance of the evidence supports the District Court's § 2K2.1(b)(6) finding, and thus the finding was not clear error. <u>See</u> <u>United States v. Bridges</u>, 569 F.3d 374, 377–78 (8th Cir. 2009) (noting that a sentencing court applies "a preponderance of the evidence standard to determine whether a four-level enhancement for possessing a firearm 'in connection with another felony offense'" is warranted and that the court's credibility findings will rarely be clear error). Accordingly, we affirm the sentence imposed by the District Court.

_____