# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3569

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Anthony Reyna, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: October 15, 2018
Filed: January 31, 2019
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Mark Anthony Reyna, Sr., pleaded guilty to being a prohibited person in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2). The district court[1] sentenced him to 63 months' imprisonment. We affirm.

While Reyna was at work, law enforcement officers searched his home pursuant to a warrant. Officers seized, as relevant here, a digital scale with methamphetamine residue from Reyna's kitchen, as well as ammunition and two semi-automatic pistols from his bedroom. When Reyna was later arrested, officers found $213 cash and 4.1 grams of cocaine on his person. Reyna admitted that the digital scale, ammunition, and firearms were his. He told officers that he had purchased the firearms for protection because his home had been broken into and because he had heard that a child was abducted from his son's school.

The district court calculated Reyna's advisory sentencing range under the U.S. Sentencing Guidelines (Guidelines). Over Reyna's objection, the district court increased Reyna's base offense level by 4 under § 2K2.1(b)(6)(B), which provides for an increase if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." The court determined that Reyna's total offense level was 21, that his criminal history category was V, and that his advisory sentencing range was 70 to 87 months' imprisonment. The court varied downward to ensure that Reyna received credit for the time he already had served in custody.

Reyna first argues that the district court erred when it increased his offense level under § 2K2.1(b)(6)(B). He does not dispute that he possessed a personal-use amount of cocaine at the time of his arrest or that his possession constituted a felony under state law. Reyna contends that his firearms were not sufficiently connected to the drug-possession felony offense to warrant the enhancement.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

"For purposes of the § 2K2.1(b)(6)(B) enhancement, a firearm is possessed 'in connection with' a drug possession felony if it 'facilitated, or had the potential of facilitating,' that other felony." United States v. Quinn, 812 F.3d 694, 700 (8th Cir. 2016) (quoting § 2K2.1 cmt. n.14(A)). The enhancement does not apply if the defendant's possession of the drugs and firearm was "the result of mere accident or coincidence." United States v. Smith, 535 F.3d 883, 885 (8th Cir. 2008). Instead, the evidence must show that "the firearm had a purpose or effect with respect to the other felony offense." Id. (internal quotation marks and citation omitted).

We find no clear error in the district court's factual finding that Reyna's possession of firearms facilitated or had the potential of facilitating his drug possession. See id. (standard of review). The court distinguished the circumstances in this case from those of Smith, in which the evidence did not prove that the defendant's "simultaneous possession of firearms, ammunition, and methamphetamine residue was anything other than coincidence." Id. In Smith, the defendant admitted to using a rifle to kill coyotes, and a search of his home revealed a rifle, a shotgun, a spare shotgun barrel, ammunition, a methamphetamine pipe, and a baggie containing methamphetamine residue. We "reject[ed] the district court's conclusion that the mere presence of drug residue . . . and firearms alone [was] sufficient to prove the 'in connection with' requirement of § 2K2.1(b)(6)." Id. at 886; see also United States v. Walker, 900 F.3d 995, 997 (8th Cir. 2018) ("clear error to find that the firearm facilitated, or had the potential to facilitate, the possession of a user quantity of drugs" where evidence "show[ed] a temporal and spacial nexus between the drugs and firearm, but no more"). In contrast, the district court here explained that Reyna's firearms did not have "a hunting purpose," that his digital scale with methamphetamine residue "indicate[d] evidence of distribution of drugs," and that "at the time of his arrest he was found in possession of drugs." The court also considered that Reyna purchased the firearms for protection, a fair inference

being that the firearms had the purpose or effect of protecting the drugs that Reyna possessed.

Reyna next argues that his sentence is substantively unreasonable because the court gave too much weight to his conviction for burglary of a habitation, which he committed in 1997 when he was eighteen years old, and his conviction for aggravated robbery, which he committed in 1998 when he was nineteen years old. These convictions provided 6 of Reyna's 10 criminal history points, causing his criminal history category to be V instead of III, and the 1998 robbery increased his base offense level by 6.

We find no abuse of discretion in the sentencing decision. See Gall v. United States, 552 U.S. 38, 51 (2007) (standard of review). In denying Reyna's request for a downward variance or departure on the basis of overstated criminal history, the district court stated that "while two of those [convictions] are for old offenses, they are offenses that make the risk of possessing guns and the potential of engaging in additional criminal activity more likely." After considering Reyna's full criminal history, the court concluded that the Guidelines sentencing range "is appropriate punishment for the offense here." We thus conclude that the district court did not commit a clear error of judgment in weighing Reyna's criminal history. See United States v. Johnson, 812 F.3d 714, 715-16 (8th Cir. 2016) (per curiam) (no abuse of discretion in denying downward variance from a properly calculated sentence on the basis of an overstated criminal history).

The sentence is affirmed.

_____