[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15263
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00029-KD-MU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY RASHAD BROWN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 10, 2019)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Anthony Brown appeals his 70-month sentence imposed after he pled guilty to one count of possession of a firearm by a convicted felon.[1]  Brown argues the district court procedurally erred by enhancing his offense level under United States Sentencing Guidelines § 2K1.2(b)(4) and (b)(6).  After careful review, we affirm.

## I.

In July 2018, Brown pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  At his change-of-plea hearing, Brown admitted the government could prove that on October 3, 2017, he was stopped in a vehicle in Selma, Alabama.  During a search of the vehicle, law enforcement officers found a Ruger .40 caliber P-94 handgun under the driver's seat.  Brown also admitted the government could prove he knowingly possessed the firearm; he was previously convicted of multiple felonies, including possession with intent to distribute marijuana; and the subject firearm was shipped and transported in interstate commerce.

The Presentence Investigation Report ("PSR") calculated a total offense level of 27 and a guideline range of 100 to 120 months.  The PSR's calculation included two offense characteristic enhancements: a two-level enhancement under guidelines § 2K2.1(b)(4) because Brown possessed a stolen firearm and a four-

---

[1]  Brown's counsel filed a motion to voluntarily dismiss Brown's direct appeal of his criminal sentence.  However, Brown later asked to withdraw the motion.  For that reason, we deny the motion to voluntarily dismiss.

level enhancement under § 2K2.1(b)(6) because Brown possessed a firearm in connection with another felony offense.[2]  The PSR included the four-level enhancement under § 2K2.1(b)(6) because, at the time of Brown's arrest, officers recovered "a clear bag of 70 various pills and a Walmart bag containing approximately 20 grams of marijuana from inside the center console of the vehicle; a marijuana 'roach' from the center cup holder of the vehicle; [and] a digital scale from the center console" of the vehicle Brown was driving.  The PSR subtracted three levels for Brown's acceptance of responsibility.  The PSR presumed Brown was selling drugs, a felony offense, and the firearm was used in connection with that sale.

Brown objected to the two-level enhancement for possessing a stolen firearm.  He argued he did not know the firearm was stolen at the time he possessed it and contended § 2K2.1(b)(4) "unfair[ly] and unconstitutional[ly] . . . impose[s] a 'strict liability' standard and additional incarceration . . . upon someone who has no knowledge of the presence of a gun, or its status as being stolen."  Brown also objected to the four-level enhancement under § 2K2.1(b)(6).  He said the government failed to show that he was trafficking the drugs and, as a result, had the burden of proving more than a mere proximity between the drugs

---

[2] While PSR refers to this enhancement as § 2D1.1(b)(6)(B), it is clear from the record that the applicable provision is § 2K2.1(b)(6)(B).  Brown addresses the § 2K2.1(b)(6)(B) enhancement throughout his brief.

and a firearm in order for him to qualify for the longer sentence. In particular, Brown argued the government was required to show that he possessed the firearm to facilitate or potentially facilitate his drug possession. According to Brown, the gun was accidentally left in close proximity to the recovered pills and marijuana and therefore did not have the potential to facilitate his drug possession. Because the government only presented evidence that the firearm was in close proximity to the drugs, he argued, the four-level enhancement under § 2K2.1(b)(6) should not apply.

The district court overruled Brown's objections. For the § 2K2.1(b)(4) enhancement, the district court observed that the provision applies a strict liability standard under which a sentence is enhanced even if the defendant did not know the firearm he possessed was stolen. The district court also rejected Brown's arguments that this standard was unfair and that the provision might not apply because the government did not show that Brown stole the gun. For the § 2K2.1(b)(6) enhancement, the government argued the provision applied whether the district court found Brown possessed the drugs for distribution or for personal use. Without expressly resolving whether the government proved Brown possessed the drugs with intent to distribute them, the district court found "the firearm was definitely available to potentially facilitate the protection of th[e] large quantity of drugs that w[ere] available."

4

After accounting for Brown's successful objections, the district court calculated his advisory guideline range to be 70 to 87 months. The district court ultimately sentenced Brown to 70-months imprisonment. This is Brown's appeal.

## II.

A district court commits procedural error when it miscalculates a defendant's guideline range. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error." United States v. Smith, 231 F.3d 800, 806 (11th Cir. 2000). "The burden of establishing evidence of the facts necessary to support a sentencing enhancement falls on the government, and it must do so by a preponderance of the evidence." United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007). The finding that a firearm was possessed "in connection" with another felony offense is a factual determination that we review for clear error. See United States v. Whitfield, 50 F.3d 947, 949 & n.8 (11th Cir. 1995) (per curiam). "Clear error review is deferential, and we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." United States v. Cruickshank, 837 F.3d 1182, 1192 (11th Cir. 2016) (quotation marks omitted). "When it comes to the interpretation of the guidelines, Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain

meaning of the text of the Guidelines." United States v. Wilks, 464 F.3d 1240, 1245 (2006) (quotation marks omitted).

## III.

Brown argues the district court erred in enhancing his offense level by four levels under § 2K2.1(b)(6)(B) because he possessed a firearm in connection with another felony offense. He says the government showed only that he possessed both drugs and a firearm but did not show that the firearm facilitated any drug offense. He also says the district court shifted the burden to him to prove that the drug possession and the firearm possession were unrelated offenses.

A defendant convicted of a firearm possession offense may receive a four-level enhancement under § 2K2.1(b)(6) if he "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6). We must affirm the district court if the record showed by a preponderance of the evidence that Brown committed "another felony offense" and possessed a firearm "in connection with" that other offense. See Perez-Oliveros, 479 F.3d at 783.

First, the district court properly placed the burden on the government to prove Brown met the requirements for an enhancement under § 2K2.1(b)(6). When asserting the facts underlying a sentencing enhancement, the government bears the burden of proving them by the preponderance of the evidence. United States v. Washington, 714 F.3d 1358, 1360 (11th Cir. 2013) ("When the

6

government seeks to apply an enhancement under the Sentencing Guidelines over a defendant's factual objection, it has the burden . . . to prove the necessary facts by a preponderance of the evidence." (quotation marks omitted)).  The district court initially suggested it was Brown's burden to show that the gun was not facilitating a felony drug offense.  But, before the district court made its findings, the Probation Officer, Brown's counsel, and counsel for the government pointed the district court to § 2K2.1(b)(6) and its application notes.  The record reflects that, after reviewing the § 2K2.1 application notes, the district court went on to place the burden on the government to prove Brown met the requirements for an enhancement under § 2K2.1(b)(6).  Specifically, the government was required to show that he possessed the firearm in connection with another felony offense.

Second, the district court did not clearly err in finding Brown possessed the firearm in connection with another felony offense.  The Application Note 14(C) to § 2K2.1 explains that "[a]nother felony offense" means "any federal, state, or local offense, . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."  USSG § 2K2.1 cmt. n.14(C).  The record shows that, on the night of Brown's arrest, he possessed "a clear bag of 70 various pills and a Walmart bag containing approximately 20 grams of marijuana from inside the center console of the vehicle; a marijuana 'roach' from the center cup holder of the vehicle; [and] a digital scale

from the center console" of the vehicle he was driving.  At the sentencing hearing, the government pointed out that state felony charges were pending against him for the marijuana he possessed on the night of his arrest.  Thus, the evidence supported the district court's finding that Brown possessed the firearm in connection with another felony offense.

Finally, the district court did not clearly err in finding that Brown's firearm facilitated felony drug possession.  Generally, a firearm is possessed in connection with another felony offense when it facilitates or has the potential of facilitating that offense.  USSG § 2K2.1 cmt. n.14(A).  When the other felony is a drug trafficking offense, Application Note 14(B) provides that showing the firearm was found in close proximity to drugs is sufficient to warrant this enhancement, since "the presence of the firearm has the potential of facilitating another felony offense…"  USSG § 2K2.1 cmt. n.14(B).

The sentencing court did not state whether it relied on Application Note 14(A), the general provision, or 14(B), the trafficking provision, in applying this enhancement.  It also did not specifically find that Brown was engaged in drug trafficking at the time of the offense, a necessary factual predicate for Brown to qualify for the enhancement as provided by Application Note 14(B).  We therefore consider only whether Brown's offense qualified for this enhancement under Application Note 14(A).  See United States v. Askew, 193 F.3d 1181, 1183 (11th

8

Cir. 1999) (holding that "the preponderance of the evidence standard ... does not relieve the sentencing court of the duty of exercising the critical fact-finding function that has always been inherent in the sentencing process" (citation and quotation marks omitted)).

This circuit has not yet decided whether mere proximity between firearm and drug is sufficient to trigger a § 2K2.1(b)(6)(B) enhancement under Application Note 14(A). United States v. Gibbs, 753 F. App'x 771, 774 (11th Cir. 2018) (per curiam) (unpublished). Many of our sister circuits have concluded that, when seeking to apply this enhancement under 14(A), the government must offer evidence beyond mere proximity to drugs to show that the gun facilitated or has the potential to facilitate another felony offense. See Id. at 774 (listing cases).

We need not decide here what evidence is required to apply this enhancement under 14(A), as opposed to the 14(B) enhancement, because the sentencing court did not rely solely on proximity in applying the § 2K2.1(b)(6)(B) enhancement. Rather, it found that "the firearm was definitely available to potentially facilitate the protection of this large quantity of drugs that was available." The district court's finding that the gun could have been used to protect the drugs found in Brown's car was adequately supported by the record and sufficient to support its conclusion that the gun could potentially facilitate felony drug possession. See United States v. Jenkins, 556 F.3d 160, 164 (4th Cir. 2009)

(holding that an enhancement under § 2K2.1(b)(6) may be appropriate where "the possession of a firearm . . . provide[d] the actor protection for himself and his drugs"); United States v. Angel, 576 F.3d 318, 323 (6th Cir. 2009) (affirming application of a § 2K2.1(b)(6) enhancement where presence of multiple firearms in close proximity to marijuana plants and processed marijuana supported conclusion that the firearms served to protect the marijuana and embolden the defendant); cf. Gibbs, 753 F. App'x at 776 (holding that the § 2K2.1(b)(6) enhancement was not appropriate where "the relationship between [the] gun and the drugs was more akin to accident or coincidence" because the defendant possessed a negligible amount of drugs (quotation marks omitted)); United States v. Smith, 535 F.3d 883, 885 (8th Cir. 2008) (holding the § 2K2.1(b)(6) enhancement was not appropriate where simultaneous possession of firearms, ammunition, and baggies with drug residue did not prove "anything other than coincidence").  We therefore conclude the District Court did not clearly err in making this finding.

## IV.

Brown next argues the district court erred in raising his offense level by two levels under § 2K2.1(b)(4) because the firearm was stolen when he possessed it. He says the enhancement was improper because he did not concede the firearm was stolen and the government failed to prove this fact.  But Brown never objected to the statement in the PSR that "[t]he firearm was stolen at the time [he] possessed

10

[it]."  Instead, he objected to the enhancement on the ground that it was "unfair and unconstitutional to impose a 'strict liability' standard" under which a defendant faces additional prison time even if he "ha[d] no knowledge of the presence of the gun, or its status as being stolen."  He also objected to the enhancement because he said the government did not show he stole the gun.

"A sentencing court's findings of fact may be based on undisputed statements in the PSR."  United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006).  And "challenges to the facts contained in the PSR must be asserted with specificity and clarity" and, if not, the objection is waived.  Id.  By failing to clearly object to the factual statement that the firearm was stolen, Brown waived his objection to that statement and we regard it as undisputed.  See id.  The district court therefore did not err in relying on the undisputed fact that the firearm was stolen at the time Brown possessed it to enhance his sentence under 2K2.1(b)(4).

**AFFIRMED.**