# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-2912

———————————————

United States of America

*Plaintiff - Appellee*

v.

Tailey Sigbah Dweh

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: April 11, 2022
Filed: May 31, 2022
[Unpublished]

——————————

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

Tailey Sigbah Dweh pleaded guilty to being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). At

sentencing, the district court[1] applied a four-level enhancement for possessing the firearm in connection with another felony. See U.S.S.G. § 2K2.1(b)(6)(B). Specifically, the court found that Dweh possessed the firearm in connection with the theft of a vehicle. Dweh appeals and argues that the enhancement should not have applied. We affirm.

In late November, 2020, Dweh's mother's neighbor reported his car stolen. He had started the car to warm it up. When he returned, the car was gone. A few days later, law enforcement responded to a report of a suspicious vehicle in a parking lot. Based on a search of the license plate number, officers determined it was the stolen car. Officers approached the car and found Dweh, apparently asleep, in the driver's seat. The officers arrested Dweh and found a firearm and a baggie of marijuana in his possession. Dweh was charged in state court with operating a motor vehicle without the owner's consent. He was charged in federal court with being an unlawful user of a controlled substance in possession of a firearm. He pleaded guilty to both offenses.

With application of the enhancement for possessing the firearm in connection with another felony, Dweh's total offense level was 15. Based on a criminal history category of V, the district court calculated a Guidelines range of 37 to 46 months. The court sentenced him to 37 months' imprisonment.

We review "for clear error a district court's finding that a defendant possessed a firearm in connection with another felony offense." United States v. Mitchell, 963 F.3d 729, 731 (8th Cir. 2020). A defendant will be subject to a four-level enhancement in his base offense level if the preponderance of the evidence shows that he possessed the firearm "in connection with another felony offense." U.S.S.G.

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

§ 2K2.1(b)(6)(B). "In connection with," as used in § 2K2.1(b)(6)(B), "means that, at a minimum, the firearm had a purpose or effect with respect to the other felony offense because its presence facilitated or had the potential to facilitate the offense, as opposed to being the result of mere accident or coincidence." United States v. Nilsen, 18 F.4th 587, 589 (8th Cir. 2021) (quoting United States v. Smith, 535 F.3d 883, 885 (8th Cir. 2008)). It is the government's burden to prove the § 2K2.1(b)(6)(B) enhancement. Mitchell, 963 F.3d at 731.

At issue here is whether Dweh possessed the firearm in connection with either the offense of theft or the offense of operating a vehicle without the owner's consent. See Iowa Code § 714.2 (theft); § 714.7 (operating vehicle without owner's consent). Although the evidence is circumstantial that Dweh possessed the firearm at the time he stole the car, it is undisputed he possessed the firearm when officers found him inside the car. "[A] defendant's maintenance of a firearm at an easily accessible location while in a stolen car permits the inference that the firearm emboldened the defendant to continue his illegal conduct." United States v. Mack, 343 F.3d 929, 936 (8th Cir. 2003). The possession of a firearm while inside and using a stolen car makes it easier for a person to maintain possession of that car. With a firearm, he is able to forcibly resist if the proper owner or law enforcement officers attempt to retake the vehicle.

It is reasonable to conclude that Dweh's possession of the firearm facilitated his continued operation of the vehicle without the owner's consent. The district court appropriately applied the § 2K2.1(b)(6)(B) enhancement. Accordingly, we affirm.

_____

-3-